UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERICA L. HATCHER,<br><br>               Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>               Defendant. | CASE NO. 3:19-cv-05928-jrc<br><br>ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b) |

This matter is before the Court on the parties' consent (Dkt. 3) and on plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b). *See* Dkt. 29. Defendant opposes plaintiff's motion. *See* Dkt. 32.

Defendant asks this Court to reduce or deny plaintiff's attorney's fees because he filed the fee motion more than a year after the Social Security Administration issued a notice of award to plaintiff. After reviewing the reasons for the delay and conducting an independent review of the reasonableness of the fees requested, the Court finds no basis to deny or reduce the fees requested. Accordingly, the Court grants plaintiff's motion.

///

**BACKGROUND**

On October 3, 2019, plaintiff filed a complaint in this Court seeking review of the Commissioner's denial of her disability benefits. *See* Dkt. 6. On August 12, 2020, this Court issued an order reversing and remanding the matter for an immediate award of benefits. *See* Dkt. 22. On December 16, 2020, this Court awarded $5,752.73 to plaintiff's attorney pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). *See* Dkt. 28.

On March 23, 2021, the Social Security Administration sent plaintiff a notice of award. *See* Dkt. 29-2, at 2. More than a year later, on June 9, 2022, plaintiff's attorney filed the instant motion for attorney's fees pursuant to 42 U.S.C. § 406(b). *See* Dkt. 29. Plaintiff's attorney seeks a net fee of $3,085.09. *See id.* Defendant opposes the motion on the grounds that plaintiff's attorney has not shown that the fee requested is reasonable and because the motion is untimely. *See* Dkt. 32. Plaintiff's attorney filed a reply brief making this matter ripe for review. *See* Dkt. 33.

**DISCUSSION**

The Court may allow a reasonable fee for an attorney who represented a claimant before the Court and obtained a favorable judgment, as long as the fee is not in excess of twenty-five percent of the total past-due benefits. *See* 42 U.S.C. § 406(b)(1); *Grisbrecht v. Barnhart*, 535 U.S. 789 (2002). An attorney who violates the twenty-five percent limit is subject to criminal charges. 42 U.S.C. § 406(b)(2).

**I.      Reasonableness of Fee Requested**

Defendant argues that plaintiff's attorney did not make an attempt to justify the amount of fees he is requesting. *See* Dkt. 32, at 2–3. Indeed, plaintiff's attorney submitted a half-page motion with a declaration identifying exhibits. *See* Dkts. 29, 30. Nevertheless, the Court must

ORDER GRANTING MOTION FOR
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §
406(B) - 2

conduct an independent review of fee motions to assure the reasonableness of the fee requested, taking into consideration the character of the representation and results achieved. *See Grisbrecht*, 535 U.S. at 807–08. Although the fee agreement is the primary means for determining the fee, the Court will adjust the fee downward if substandard representation was provided, if the attorney caused excessive delay, or if a windfall would result from the requested fee. *See Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (citing *Grisbrecht*, 535 U.S. at 808).

Here, the representation was standard, at least, and the results achieved excellent. Following remand from this Court (Dkt. 22), plaintiff was awarded benefits. *See* Dkt. 29-2. Plaintiff's attorney did not cause an excessive delay in the proceedings and no windfall will result from the requested fee. The Social Security Administration withheld $16,368.00 of plaintiff's past-due benefits, which constitutes twenty-five percent of the total amount plaintiff was awarded. *See* Dkt. 29-2, at 5. Plaintiff's attorney seeks the entire $16,368.00 as a gross attorney's fee. *See* Dkt. 29. However, plaintiff's attorney already received EAJA awards in the amount of $13,282.91. *See* Dkt. 29-5. Therefore, plaintiff has moved for a net attorney's fee of $3,085.09. *See* Dkt. 29, at 1. The Court concludes that this amount is reasonable.

**II.     Timeliness**

Defendant argues that the Court should deny or reduce the fees requested in plaintiff's motion because the motion is untimely and the delay has prejudiced plaintiff. *See* Dkt. 32, at 3. The Court notes that defendant may not have standing to oppose plaintiff's motion on this ground.[1] Nevertheless, the Court rejects defendant's contention that the Court should deny or reduce plaintiff's attorney's fees.

---

[1] The Commissioner "has no direct financial stake in the answer to the § 406(b) question; instead, she plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht v. Barnhart*, 525 U.S. 789, 798 n.6 (2002). Therefore, the Commissioner may, in fact, lack the standing as a trustee for asserting technical,

ORDER GRANTING MOTION FOR
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §
406(B) - 3

Section 406 does not set a time by which fee requests must be made, and the Ninth Circuit has not addressed the issue. This Court, like others in this district, adopts the "reasonable time" standard. *See Cherry v. Commissioner*, 3:18-CV-5450-DWC (W.D. Wash. April 14, 2022); *Hicks v. Commissioner of Social Security*, Case No. 3:18-CV-5962-BAT (W.D. Wash. March 9, 2022); *Gerde v. Commissioner of Social Security*, Case No. 3:14-CV-5679-MAT (W.D. Wash. Feb. 25. 2022).

Here, plaintiff's attorney filed the motion a year after the Social Security Administration issued the notice of award to plaintiff. *See* Dkts. 29-2, at 2; 29. Plaintiff's attorney attributes this delay to the COVID-19 pandemic and illnesses in his office. *See* Dkt. 34, at 2. He claims that he was unable to access an up-to-date version of his books and, now that he has access, he is attempting to file the §406(b) filings that have been delayed. *See id*. He also states that he cannot rush the motions because of the criminal penalties associated with overcharging his clients. *See id.* Further, the Court does not find that plaintiff has been prejudiced by the delay. Plaintiff signed a retainer assigning up to twenty-five percent of any past-due benefits to her attorney. *See* Dkt. 29-3. Therefore, the Court concludes that the delay in bringing the motion was substantially justified and would not prejudice plaintiff's interests.

## CONCLUSION

Based on plaintiff's motion and supporting documents (*see* Dkts. 29, 30, 33, 34), it is hereby ORDERED that attorney's fees in the amount of $3,085.09 be awarded to plaintiff's attorney pursuant to 42 U.S.C. § 406(b).

---

procedural objections such as timeliness that a claimant chooses not to raise — "objections essentially unrelated to the fairness of the distribution." *Herrera v. Berryhill*, 2019 WL 157724, at *3 (C.D. Cal. Jan. 9, 2019).

The Social Security Administration is directed to send payment of the 406(b) fees to plaintiff's attorney.

Dated this 5th day of July, 2022.

J. Richard Creatura
Chief United States Magistrate Judge

ORDER GRANTING MOTION FOR
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §
406(B) - 5